IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:17-CR-137 MAC |
| | § | |
| ANTONIO MURDOCK (2) | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the Government's request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on August 22, 2017, to determine whether Defendant violated his supervised release. Defendant was represented by Denise Benson. The Government was represented by Maureen Smith.

On August 8, 2016, Defendant was sentenced by the Honorable U. S. District Judge Sam A. Lindsey, United States District Judge of the Northern District of Texas, to a sentence of thirteen (13) months imprisonment, to run consecutively to Eastern District of Texas Case No. 4:08-cr-178(02), followed by a three (3) year term of supervised release, to run concurrently with the same case, for the offense of Escape from Federal Custody. Defendant began his term of supervision on January 13, 2017. On July 21, 2017, jurisdiction in this case was transferred to the Eastern District of Texas and assigned to the Honorable Marcia A. Crone, U.S. District Judge.

On August 2, 2017, the U.S. Probation Officer filed a Petition for Warrant or Summons for Offender under Supervision (the "Petition") (Dkt. 2). The Petition asserts that Defendant violated the following conditions of supervision: (1) Defendant shall refrain from any unlawful use of a controlled substance; (2) Defendant shall refrain from excessive use of alcohol and shall not

1

purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; (3) Defendant shall not leave the judicial district without permission of the Court or probation officer; (4) Defendant shall report to the probation officer as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month; (5) Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer; (6) Defendant shall notify the probation officer ten days prior to any change of residence or employment; and (7) Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as Defendant is released from the program by the probation officer.

The Petition alleges that Defendant committed the following violations: (1) On February 17, 2017, during an unannounced home visit, Defendant verbally and in writing admitted to consuming marijuana on or about this date. On this date, Defendant was unable to provide a urine sample for testing; (2) On February 28, 2017, during an office visit, Defendant submitted a positive urine specimen for cocaine. Defendant verbally admitted to said use, and the specimen was also confirmed by Alere Toxicology; (3) On February 25, 2017, Defendant traveled to Malvern, Arkansas, as evidenced by a traffic stop conducted on this date by the Malvern Police Department. The U.S. Probation Officer received notification about this incident on March 9, 2017. Defendant traveled without receiving permission from the probation office. Additionally, the warrant for Docket No. 4:08-cr-178(02) was executed in Arkansas; (4) On March 31, 2017, a text message was sent to Defendant instructing him to report for an office visit on April 10, 2017. On April 3, 2017, Defendant sent a reply message asking if he was in trouble. Defendant was advised all of his text

messages would be discussed in person during the office visit. Defendant failed to appear for said office visit on April 10, 2017, and failed to follow the instructions of the probation officer; (5) Defendant failed to submit a truthful and complete report for the months of March, April, and May 2017; (6) On April 21, 2017, Defendant's stepmother advised, via telephone, that Defendant was no longer living at his reported residence. She advised Defendant moved two weeks prior to this date and did not leave information as to his whereabouts. On May 26, 2017, a detective with the Yell County, Arkansas Sheriff's Department advised he is aware Defendant is residing at 210 Jaggers Street, Dardanelle, Arkansas. Defendant failed to notify the probation officer of his change in residence; and (7) Defendant was initially referred to Fletcher Counseling, Inc., in Plano, Texas, to commence individual substance abuse counseling. Although Defendant completed the initial assessment, Defendant refused to return for services as he did not think he could benefit from this particular provider. On March 6, 2017, Defendant was referred to Addiction Recovery Services (ARC) in Lewisville, Texas, to commence weekly group and monthly individual counseling sessions. Defendant was also enrolled in the random urinalysis program. Defendant attended two group sessions during the month of March and failed to report for the other two sessions. Defendant did not attend any sessions during the months of April or May 2017. Defendant failed to submit random urine specimens at ARC on March 23; April 7, 10, 13, and 19, 2017. Defendant did not submit any random urine specimens during the month of May 2017.

At the hearing, Defendant entered a plea of true to Allegations 1 and 2. Defendant waived his right to allocute before the district judge and his right to object to the report and recommendation of this Court. The Court finds that Defendant has violated the terms of his supervised release.

3

**RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, and having considered the arguments presented at the August 22, 2017, hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of ten (10) months, with two (2) years supervised release to follow. Sentence to run concurrently with sentence in 4:08-cr-178(02). The Court further recommends that Defendant's term of imprisonment be carried out in a facility as close to Dardanelle, Arkansas as possible, if appropriate.

**SIGNED this 28th day of August, 2017.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE