IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:17-CR-137 MAC |
| | § | |
| ANTONIO MURDOCK | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is the Government's request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on November 8, 2018, to determine whether Defendant violated his supervised release. Defendant was represented by Frank Henderson. The Government was represented by G.R. Jackson.

On August 8, 2016, Defendant was sentenced by the Honorable Sam A. Lindsay, United States District Judge of the Northern District of Texas, to a sentence of thirteen (13) months imprisonment, to run consecutively to Eastern District of Texas Case No. 4:08-CR-178, followed by a three (3) year term of supervised release for the offense of Escape From Federal Custody. Defendant began his term of supervision on January 13, 2017. This case was transferred to the Eastern District of Texas and assigned to the Honorable Marcia A. Crone on July 21, 2017. On October 11, 2017, the original term of supervised release was revoked, and Defendant was sentenced to ten (10) months imprisonment, to run concurrently with sentence in 4:08-CR-178-2, followed by a two (2) year term of supervised release. On May 18, 2018, Defendant began his second term of supervised release.

On October 12, 2018, the U.S. Probation Officer filed a First Amended Petition for Warrant

or Summons for Offender under Supervision (the "Petition") (Dkt. 25). The Petition asserts that Defendant violated the following conditions of supervision: (1) Defendant shall not commit another federal, state, or local crime; (2) Defendant must live at a place approved by the probation officer. If Defendant plans to change where he lives or anything about his living arrangements, Defendant must notify the probation officer at least ten days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, Defendant must notify the probation officer within seventy-two hours of becoming aware of a change or expected change; (3) Defendant must work full time (at least thirty hours per week) at a lawful type of employment, unless the probation officer excuses Defendant from doing so. If Defendant does not have full-time employment, Defendant must try to find full-time employment, unless the probation officer excuses Defendant from doing so. If Defendant plans to change where Defendant works or anything about Defendant's work (such as Defendant's position or Defendant's job responsibilities), Defendant must notify the probation officer at least ten days before the change. If notifying the probation officer at least ten days in advance is not possible due to unanticipated circumstances, Defendant must notify the probation officer within seventy-two hours of becoming aware of a change or expected change; (4) Defendant must not communicate or interact with someone Defendant knows is engaged in criminal activity. If Defendant knows someone has been convicted of a felony, Defendant must not knowingly communicate or interact with that person without first getting the permission of the probation officer; (5) Defendant shall participate in a program of testing and treatment for drug abuse and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise Defendant's participation in the program. Defendant must pay any cost associated with treatment and testing; (6) Defendant must participate in any combination of

psychiatric, psychological, or mental health treatment programs, and follow the rules and regulations of that program, until discharged. This includes taking any mental health medication as prescribed by Defendant's treating physician. The probation officer, in consultation with the treatment provider, will supervise Defendant's participation in the program. Defendant must pay any costs associated with treatment and testing; and (7) Defendant must not knowingly leave the federal judicial district where Defendant is authorized to reside without first getting permission from the court or probation officer.

The Petition alleges that Defendant committed the following violations: (1) On September 2, 2018, Defendant was arrested by the Dardanelle, Arkansas, Police Department for the felony offenses of Domestic Battering 3rd and Terroristic Threatening 1st Degree/Threatens Property Damage; as well as the misdemeanor offenses of Endanger Welfare of Minor 2nd Degree - Knowingly Risks Serious Physical/Mental Harm and Interference with emergency communication in the first degree. On September 4, 2018, Defendant appeared in court for a Pre-Trial Bond Determination Hearing in the Circuit/District Court of Yell County, Arkansas - 15th Judicial District and the court found probable cause to detain him until further proceedings. A $1,500.00 unsecured bond was set and Defendant was ordered not to have any contact with the victim, at her home, her work, or her child's school. According to the offense report, police officers received a call advising the victim has been physically assaulted by the Defendant at the Wal-Mart in Dardanelle, and Defendant had left the scene. While the victim was taken to the police station by the caller, police officers drove to the victim's residence, as that is where the offender had been residing too. Defendant was not there, but a neighbor told police he had given Defendant a ride to another location. Police drove to the new location and made contact with Defendant and transported

Defendant to the police station. Upon returning to the police station, the police officer made contact with the victim, and noticed the cheek area of her face was swollen and red. She told officers Defendant had open hand struck her repeatedly in the face while they were traveling to Wal-Mart. Upon arriving, she exited the vehicle removed her son from the backseat, and ran to another nearby vehicle. Along with video surveillance, two witnesses corroborated the events that occurred at the Wal-Mart gasoline station. The witnesses advised the offender was screaming and demanding the victim to give him the child. Defendant was also physically threatening the victim. During the interview, the victim said the offender had threatened her with a knife the day before this incident and told her he would cut her tongue out if she disrespected him again. Defendant also destroyed her phone with a hammer to prevent her from calling 911; (2) On July 26, 2018, the U.S. Probation Office received information from Defendant's girlfriend advising he told her he was no longer living at the residence on file, and she was not sure where he was living. Several attempts were made to contact Defendant in order to verify this information, to no avail. However, on August 1, 2018, Defendant left a voice message after 5:00 p.m., advising he had changed his address. However, Defendant failed to provide the new address. On August 13, 2018, Defendant submitted a monthly report form and provided invalid primary residence information by only indicating he was living at "Lewisville Lake Tent City." As evidenced by the arrest noted above, Defendant had been staying in Arkansas without permission from the U.S. Probation Office; (3) Defendant commenced supervision on May 18, 2018, and has failed to gain stable and verifiable employment since then. Defendant's employment status is unknown at this time as he has not called to provide any employment information; (4) A Federal Bureau of Prisons (BOP) report from the Sacramento Intelligence Unit was received on August 21, 2018, reflecting Defendant sent $50.00 to Joshua

4

Alexander Smith, a BOP inmate, on May 23, 2018. Defendant did not have permission of the probation officer to communicate or interact with this person; (5) During a home visit conducted on May 25, 2018, Defendant was referred to Addiction Recovery Center, Lewisville, Texas, to undergo a substance abuse evaluation. Although Defendant scheduled an appointment for June 13, 2018, Defendant failed to appear. As of the writing of the First Amended Petition, Defendant had not called to reschedule the appointment. Defendant failed to submit a random urine specimen at Addiction Recovery Center, Lewisville, Texas, on June 14, 2018, and July 23, 2018; (6) During a home visit conducted on May 25, 2018, Defendant was referred to Christen Clower, Ph.D., Denton, Texas, to undergo a mental health evaluation. Although Defendant called to schedule an appointment when initially referred, Defendant was not responsive to return calls from the provider and according to Dr. Clower, she has not heard from Defendant since the month of May; and (7) On July 3, 2018, the U.S. Probation Office received an anonymous call advising Defendant had traveled to Arkansas, and had engaged in this behavior on several occasions since his release from imprisonment. The caller also advised Defendant was staying with his girlfriend at 210 Jagger Street, Dardanelle, Arkansas. A law enforcement welfare check was made by the Dandanelle Police Department on this same date. Although no contact was made with Defendant, the police department spoke with a neighbor and provided Defendant's photograph. The neighbor confirmed Defendant was living at the residence. Upon being questioned by the U.S. Probation Officer, Defendant adamantly denied traveling outside the district without permission. Based on the arrest noted above and Defendant's verbal admission given on September 17, 2018, Defendant did leave the judicial district without permission of the U.S. Probation Office.

      At the hearing, Defendant entered a plea of true to Allegations 2-7. Defendant waived his

right to allocute before the district judge and his right to object to the report and recommendation of this Court. The Court finds that Defendant has violated the terms of his supervised release.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, and having considered the arguments presented at the November 8, 2018, hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of sixteen (16) months, with no supervised release to follow. The sentence should run concurrently with sentence in 4:08-cr-178. The Court further recommends that Defendant's term of imprisonment be carried out in FCI Atlanta, Georgia, if appropriate.

**SIGNED this 27th day of November, 2018.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE